**PIONEER FOOD AND BEVERAGE, INC., Plaintiff,**

v.

**William C. MOSHER, Leonard Gonsalves and Robert D. Miller, individually and as they constitute the Chairman and Members of the Board of Selectmen For the Town of Dartmouth, Defendants.**

**Civ.A. No. 92–11706–H.**

United States District Court, D. Massachusetts.

July 27, 1992.

**450**

Morris M. Goldings, David R. Kerrigan, Mahoney, Hawkes & Goldings, Boston, Mass., for plaintiff.

John A. Birknes, Jr., New Bedford, Mass., for defendants.

## MEMORANDUM

HARRINGTON, District Judge.

The Plaintiff, Pioneer Food and Beverage, Inc., seeks relief, in the nature of certiorari pursuant to Mass.Gen.L. ch. 249, § 4, from the decision of the Defendant, the Board of Selectmen of the Town of Dartmouth, which denied the plaintiff's request to amend its entertainment license to include nude dancing (Count I). The plaintiff further seeks injunctive relief under 42 U.S.C. § 1983 for the defendant's alleged interference with the plaintiff's rights under the First Amendment of the United States Constitution. This matter is presently before the Court on a Petition for Preliminary Injunction to enjoin and restrain the Board of Selectmen from taking any disciplinary action against the plaintiff while conducting nude dancing on its premises.

The plaintiff operates a nightclub in an area of Dartmouth which is zoned for single residences. The property has been used as a nightclub pursuant to its status as a prior existing non-conforming use. The plaintiff's current entertainment license permits dancing by patrons, recorded or live music and use of an amplification system. The plaintiff applied to the Board of Selectmen which is the Licensing Board for the Town of Dartmouth to amend its entertainment license to include nude dancing.

The Board of Selectmen, after holding two public hearings, denied the plaintiff's application to amend its entertainment license, stating that the application proposes to change the existing entertainment license that has been exercised as a Non–Conforming Use under the Town Zoning By–Laws. The Board of Selectmen concluded that the proposed change in the entertainment license amounts to a change in use of a prior non-conforming use and requires a finding from the Town Board of Appeals pursuant to Mass.Gen.L. ch. 40A, § 6, ¶ 1, that the proposed use or alteration is not more detrimental to the neighborhood than the existing Non–Conforming Use before the proposed entertainment license can be granted.

Massachusetts case law suggests that a change in the amount or type of entertainment at an establishment constitutes a change in use under Mass.Gen.L. ch. 40A, § 6. *See Cape Resort Hotels, Inc. v. Alcoholic Licensing Board of Falmouth*, 385 Mass. 205, 212–214, 431 N.E.2d 213 (1982) (Court finds that increase and alteration in type of entertainment offered at a resort hotel which had existed as a non-conforming use amounts to a change in use).

■ This Court declines at this time to even consider ruling on the Petition for Preliminary Injunction, as the case is not presently "ripe" for such decision. The plaintiff has failed to seek and obtain a required finding by the Town Zoning Board of Appeals pursuant to Mass.Gen.L. ch. 40A, § 6, ¶ 1, to wit: that the proposed use or alteration is not more detrimental to the neighborhood than the existing non-conforming use, for the filing of an application for an amendment to an entertainment license to change the type of entertainment in a non-conforming use implicates that statute.

■ The control of the non-conforming use of property is inherent in the fundamental authority of the government of the local community. *Blasco v. Board of Appeals of Winchendon*, 31 Mass.App.Ct. 32, 37, 574 N.E.2d 424 (1991) ("The legislative history [of Mass.Gen.L. ch. 40A] suggests

an intent to allow zoning authorities, through their by-laws, to regulate and even prohibit changes in non-conforming uses.") Even under the protection of the First Amendment, nude dancing can be regulated. *See Highland Tap of Boston, Inc. v. Boston,* 26 Mass.App.Ct. 239, 242, 526 N.E.2d 253 (1988) ("[T]here is growing support for the right of municipalities through the use of their zoning power to limit adult entertainment to certain defined geographic areas.")

The basic decision to permit a "strip-joint" to operate in a residential area must be first made by the local Zoning Board of Appeals and this Court declines to even address the issue of compelling the citizens of Dartmouth to permit such an establishment in an area zoned for family residences at this premature stage of the proceedings and on an incomplete record.